**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| RICHARD TYLER,<br><br>             Plaintiff,<br><br>       v.<br><br>STATE OF UTAH et al.,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Case No. 2:07-CV-4-TS-DN<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

Plaintiff, Richard Tyler, filed this *pro se* civil rights suit under 42 U.S.C. § 1983 while incarcerated at the Federal Correctional Institution in Pekin, Illinois.  *See* 42 U.S.C.A. § 1983 (West 2008).  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 U.S.C.A. 1915 (West 2008).  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* which are frivolous, malicious, fail to state a claim upon which relief may be granted, or, "seek[] monetary relief from a defendant who is immune from suit." *Id.* "Dismissal of a pro se complaint for

failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Plaintiff's Allegations

Plaintiff's Complaint alleges cruel and unusual punishment under the Eighth Amendment based on excessive force used at the Salt Lake County Adult Detention Complex (ADC).  Plaintiff alleges that during his booking at ADC four unidentified officers forced Plaintiff's face into the floor and pulled and twisted his

arms while handcuffing him.  Plaintiff alleges that the four
officers involved were Caucasian and that their actions were
racially motivated.  Plaintiff states that during the incident he
suffered abrasions to his face, internal bruising, and permanent
injury to his arms.  The Complaint names as defendants:  Jon
Huntsman, Governor of the State of Utah; Aaron D. Kennard, former
Salt Lake County Sheriff; Captain Adams, Salt Lake County
Sheriff's Deputy; and three unidentified Salt Lake County
Sheriff's Deputies.[1]  Plaintiff also filed an addendum to his
Complaint naming the Director of the United States Marshals
Service and Deputy Marshal Jim Phelps as defendants.  Plaintiff
seeks compensatory damages of $100,000 plus $1,000 per month for
the remainder of his life.

### III. Failure to Identify Proper Defendant

### A. Federal Defendants

On October 10, 2007, Plaintiff filed a "Motion to Add
Defendants" stating that he wished "to add as Defendant the
United State [sic] Government [and] the United States Inspector
General . . . due to a breach of their duty to subordinates."
(Doc. no. 21.)  After his motion was granted Plaintiff filed an

---

[1]  Although the heading of the Complaint also identifies the
State of Utah and the Salt Lake County Sheriff's Office as
defendants, these entities are not properly listed as defendants
under the jurisdiction section of the Complaint.

addendum to his Complaint naming as defendants the Director of
the United States Marshals Service and Marshal Jim Phelps.[2]  The
addendum asserts that Plaintiff was in federal custody during the
alleged incident at ADC and that the Director of the Marshals
Service is liable "due to his breach of his duty to train his
subordinate or to establish department procedures [to] protect
[Plaintiff's] constitutional rights."  (Doc. no. 25 at 1.)
Plaintiff further alleges that "Marshal Jim Phelps was made aware
of this violation and was in a position to do something about it
but did nothing to correct the wrong."  (Doc. no. 25 at 1.)
Plaintiff does not state whether these defendants are named in
their individual or official capacities, nor does he allege any
additional facts linking either of these defendants to the
alleged constitutional violation.

### i. Official Capacity Claims

        To the extent that Plaintiff is suing these defendants in
their official capacity his claims are barred by the doctrine of
sovereign immunity.  It is well settled that suits filed against
federal government employees acting in their official capacities
must be construed as suits against the United States.  *See*

_____

        [2]  Although styled as an "Amended Complaint" the document is
actually an addendum because it does not supercede the original
Complaint.

*Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099 (1985). However, "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S. Ct. 2698 (1981). Moreover, "[w]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33, 112 S. Ct. 1011 (1992) (quotations omitted).

Plaintiff does not allege that the United States has waived its immunity from suit in this instance. Thus, the Court concludes that it lacks subject matter jurisdiction to hear Plaintiff's claims against the named federal defendants in their official capacities and those claims must be dismissed.

## ii. Individual Capacity Claims

Under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971), a plaintiff may pursue a claim for money damages against federal agents in their individual capacities for certain constitutional violations. However, it is well established that the doctrine of *respondeat superior* cannot support liability under *Bivens*. *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976). Instead, to hold supervisory defendants liable under *Bivens*, a plaintiff must allege facts showing that

an affirmative link exists between the alleged constitutional deprivation and defendants' "personal participation, [their] exercise of control or direction, or [their] failure to supervise." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Here, Plaintiff has not alleged sufficient facts affirmatively linking the identified federal officials to a violation of Plaintiff's constitutional rights.  Plaintiff has not provided any support for his conclusory assertion that the Director of the United States Marshals Service caused Plaintiff's injuries by failing to train his subordinates or establish appropriate procedures.  Moreover, this assertion is seriously undermined by Plaintiff's allegation that his attackers were motivated by racial animus, as opposed to acting according to any official policy or custom.  Similarly, Plaintiff's vague assertion that Jim Phelps was made aware of the attack "but did nothing to correct the wrong" is not sufficient to support liability under *Bivens*.  Plaintiff does not allege any subsequent attacks after Phelps was informed of the initial incident, nor does Plaintiff allege any other facts supporting his contention that Phelps failed to take appropriate action.

Thus, the Court concludes that Plaintiff's allegations are not sufficient to state a claim against the federal defendants

individually under *Bivens*.

### B. Governor Huntsman

Plaintiff's Complaint does not state a viable claim for relief against Governor Huntsman.  Governor Huntsman is not named anywhere in the body of the Complaint and appears to have had no involvement whatsoever with the alleged incident or its aftermath.  Moreover, any claim for damages against Governor Huntsman in his official capacity would be barred by the Eleventh Amendment.  Thus, the Court concludes that Governor Huntsman must be dismissed as a defendant in this case.

### C. Sheriff Aaron D. Kennard

Plaintiff's Complaint does not allege specific facts linking Kennard to a violation of Plaintiff's rights.  Although Plaintiff asserts that Kennard was the Salt Lake County Sheriff at the time of the alleged incident, there is no indication that he was personally involved or otherwise directly linked to a violation of Plaintiff's rights.  Moreover, Kennard's mere supervisory authority over ADC staff does not give rise to personal liability under Section 1983.  See *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability.  Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'")  Thus, the Court concludes that Plaintiff's Complaint fails to state claim for

relief against Defendant Kennard.

### D. Salt Lake County Sheriff's Office

As a subordinate agency of Salt Lake County, the Salt Lake County Sheriff's Office is not a separate legal entity with the capacity to sue or be sued. *See* *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (Sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983).  Thus, the Court construes Plaintiff's claim against the Sheriff's Office as a claim against Salt Lake County itself.

To establish the liability of a municipal entity, such as Salt Lake County, under Section 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1205 (1989)).  Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*.  *See* *Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also* *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2051 (1978).

Plaintiff has not established a direct causal link between his alleged injuries and any custom or policy of Salt Lake

County.  In fact, as previously noted, Plaintiff's assertion that the alleged attack was racially motivated undermines any assertion that the responsible individuals were acting pursuant to a municipal policy or custom.  Thus, the Court concludes that Plaintiff's Complaint fails to state a claim against Salt Lake County.

### E. Captain Adams

Although the Complaint identifies one "Captain Adams" as a defendant, Adams is not mentioned anywhere in the factual allegations of the Complaint.  From his title it appears that Adams may have been a supervisor at the ADC during the alleged incident, however, as previously explained, supervisory status by itself does not give rise to liability under Section 1983. Morever, even if Adams could be directly linked to the alleged incident, given his common surname additional identifying information would be required to allow service of process upon this individual.  Thus, the Court finds that Plaintiff's Complaint fails to state a claim against Captain Adams.

### F. Unidentified Sheriff's Deputies

The Complaint also fails to allege sufficient facts regarding the three unidentified sheriff's deputies.  Although Plaintiff generally alleges that the deputies each participated in forcing Plaintiff to the floor and handcuffing him, it is not

9

clear what each individual did that was excessive or
unreasonable, nor has Plaintiff alleged sufficient facts to
support his contention that their actions were racially
motivated.  Moreover, Plaintiff has not provided sufficient
identifying information to allow service of process upon each of
these individuals.

### IV. Leave to File Amended Complaint

If Plaintiff wishes to proceed with this suit he must file
an amended complaint clearly identifying specific individuals
responsible for violating his constitutional rights.  If
Plaintiff is unable to ascertain the true name of an intended
defendant he may identify them using fictitious names such as
"John Doe One" or "Jane Doe Two" along with their official title,
if known.  However, Plaintiff must also provide sufficient
information about each individual defendant (i.e. sex,
approximate age, physical description etc) to allow them to be
identified through discovery, if necessary.  Finally, Plaintiff
must allege specific facts showing how each individual defendant
personally violated Plaintiff's rights.  Plaintiff should keep in
mind that supervisory status, by itself, is not sufficient
grounds for liability under Section 1983.  Finally, for the sake
of clarity, Plaintiff's amended complaint must stand entirely on
its own and shall not refer to, or incorporate by reference, any

portion of the original complaint.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amended complaint supercedes original).

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint is **dismissed** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted; and,

(2) Plaintiff may file an amended complaint in accordance with this order within **thirty days**; failure to do so will result in this case being dismissed in its entirety.

DATED this 23rd day of December, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge